[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15132
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00060-CR-4-SPM-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN KRPATA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 21, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Krpata appeals his convictions and sentences for receipt ("Count

One") and possession ("Count Two") of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (a)(5)(B), respectively. With respect to Count One, in August 2008, federal authorities were notified that, in July 2006, Krpata had purchased child pornography from a website operated by Sergio Marzola, an individual who engaged in the mass production and sale of child pornography via the internet. With respect to Count Two, federal authorities conducted a separate investigation of a commercial child pornography website which revealed that on January 13, 2007, Krpata had purchased access to a member-restricted website containing video files and images of child pornography. On or about October 15, 2008, federal authorities searched Krpata's parents' residence, where Krpata resided, and discovered a collection of child pornography containing DVD's from Marzola's website, as well as downloaded files, cut-out photo images, and other DVD's. Following the district court's denial of Krpata's motion to dismiss based on double jeopardy grounds, Krpata agreed to plead guilty with the right to appeal the issue of whether the conviction and sentence for both counts violated the Double Jeopardy Clause.

Krpata argues on appeal that his convictions and sentences violate the Double Jeopardy Clause because possession of child pornography in violation of § 2252A(a)(5)(B) is a lesser-included offense of receipt of child pornography in

2

violation of § 2252A(a)(2) under the "same-elements" or *Blockburger* test. *See*

*Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932).

Moreover, he asserts that when applying this test, the facts of the particular case

should not be taken into consideration.

We review claims of double jeopardy *de novo*. *United States v. Bobb*, 577

F.3d 1366, 1371 (11th Cir. 2009). The Double Jeopardy Clause of the Fifth

Amendment guarantees that no person shall "be subject for the same offence to be

twice put in jeopardy of life or limb." U.S. Const. amend. V. This guarantee

prohibits, among other things, multiple punishments for the same offense. *Bobb*,

577 F.3d at 1371. Thus, "where two statutory provisions proscribe the same

offense and there is no clear indication that the legislature intended multiple

punishments for the offense, the Double Jeopardy Clause's prohibition against

multiple punishments protects a defendant from being convicted under both

provisions." *Id.* at 1371-72.

The test for determining whether two statutory provisions prohibit the same

offense "is whether each provision requires proof of a fact which the other does

not." *Blockburger*, 284 U.S. at 304, 52 S. Ct. at 182. Applying this test in *Bobb*,

we determined that § 2252A(a)(2), prohibiting receipt of child pornography, and

§ 2252A(a)(5)(B), prohibiting possession of the same, proscribe the same conduct

3

because "by proving that a person 'knowingly receives' child pornography, the Government necessarily proves that the person 'knowingly possesses' child pornography." 577 F.3d at 1373. Moreover, we found "no clear indication of legislative intent to impose multiplicitous punishment for receipt and possession of child pornography" and therefore acknowledged that possession of child pornography is a lesser-included offense of receipt of child pornography. *Id.* at 1374 (citation and quotation omitted).

However, we nevertheless affirmed defendant Bobb's convictions for both receipt and possession because the "convictions were based on two different offenses, occurring on two different dates, and proscribed by two different statutes." *Id.* at 1375. In so doing, we, in part, relied upon the evidence presented at trial. *Id.* Although our analysis in *Bobb* was conducted for purposes of plain error review, our opinion does not indicate that our reasoning would be any different in the context of preserved error. *See Id.* Moreover, in *United States v. Mendez*, we reviewed the double jeopardy claim *de novo* and also "assess[ed] the elements [of each offense] in light of the facts" presented at trial. 117 F.3d 480, 487 (11th Cir. 1997).

Here, the district court did not err in denying Krpata's motion to dismiss on double jeopardy grounds. In this case, two different groups of child pornography

4

images were being relied upon to support the charges alleged in Count One and Count Two. With respect to Count One, the government would introduce evidence that Krpata had purchased and received child pornography from Marzola in July 2006. With respect to Count Two, the government would introduce evidence that in October 2008, Krpata possessed additional DVD's and images of child pornography. Therefore, because Krpata's convictions and sentences were based on two distinct offenses, occurring on different dates, and proscribed by two different statutes, Krpata's convictions and sentences do not violate the Double Jeopardy Clause.

**AFFIRMED.**[1]

---

[1]Appellant's request for oral argument is DENIED.